IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. United Barge Line, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | Judge: _____ |
| | ) | |
| Celtic Marine Corporation, | ) | Magistrate Judge: _____ |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFF'S COMPLAINT**
(Electronically Filed)

---

COMES Plaintiff, U.S. United Barge Line, LLC ("UBL"), by counsel, and for its Complaint against Defendant, Celtic Marine Corporation ("Celtic Marine"), states as follows:

<u>PARTIES</u>

1.      Plaintiff UBL is a Florida limited liability company authorized to do business in Illinois with its principal office at 601 South Harbour Island Blvd., Suite 230, Tampa, FL 33602 and with a principal place of business at 100 Scott Street, Metropolis, IL 62960.

2.      Defendant Celtic Marine is a Louisiana corporation with its principal place of business in Louisiana.  It can be served through its registered agent Michael J. O'Connor at 17541 Pecan Shadows, Baton Rouge, LA 70810.

<u>JURISDICTION AND VENUE</u>

3.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 because this action arises from an incident that occurred on the inland waterways

of the United States and is therefore governed by the admiralty and maritime laws of the United States.

4.      This court has personal jurisdiction over Celtic Marine under the long-arm statute of Tennessee, Tenn. Code Ann. § 20-2-214 (2009), as Celtic Marine transacts business in Tennessee.

5.      Venue is appropriate in this court as a substantial part of the events or omissions giving rise to this claim occurred in this district.

<u>FACTS AND CLAIM</u>

6.      Plaintiff is the owner of barge MST 492, an open hopper barge used to transport freight.

7.      On or about May 18, 2009, MST 492 was located at the Fullen Dock & Warehouse facility in Memphis, Tennessee in the care, custody and control of Celtic Marine as bailee of barge MST 492 as that term is defined by the general maritime law.

8.      Celtic Marine, or its agents, loaded shredded iron into MST 492.  In the course of this work, Celtic Marine or its agents improperly distributed the load, resulting in damages to the barge.  Barge MST 492 began taking on water and the shredded iron had to be removed from MST 492 and placed on another barge.

9.      The negligent loading of barge MST 492 was a direct and proximate cause of damage to Barge MST 492 in the total amount of $9,166.75 and additional damages to UBL of $30,772.56, including the cost to transfer the cargo to a new barge, lost barge days, and survey fees for total damages to UBL of $39,939.31.

CLAIMS AGAINST DEFENDANT

Count I.

Celtic Marine's Violation of Its Duties as Bailee

10.    Delivery of barge MST 492 to Celtic Marine on May 18, 2009 created a bailment, with Celtic Marine as the bailee of barge MST 492.

11.    As bailee of the MST 492, on or about May 18, 2009, Celtic Marine had the legal duty to protect the subject of the bailment, barge MST 492, and to be free of negligence and exercise due care to ensure that the MST 492 would not suffer any damage while the MST 492 was in its care, custody or control.

12.    The MST 492 was damaged while it was in the care, custody or control of Celtic Marine, creating a presumption of negligence on the part of Celtic Marine.  Celtic Marine was negligent in one or more of the following ways:

(a)    Celtic Marine, or its agents for whom it is responsible, improperly loaded shredded iron on the barge resulting in an improper distribution of the cargo in the barge;

(b)    Celtic Marine, or its agents for whom it is responsible, failed to otherwise exercise due care to adequately protect MST 492 as bailee of the bailment, resulting in damage to the barge.

13.    As a foreseeable and proximate result of Celtic Marine's failure to protect MST 492 described above, UBL has been damaged in the following respects:

(a)     The MST 492 was damaged by the improper loading of the shredded iron or other cause, requiring extensive repair work costing $9,166.75.  Prior to repair, the barge had to be docked and surveyed at a cost of $4,482.83.

(b)     The shredded iron on the barge had to be transferred to another barge at the cost of $23,289.73.

(c)     UBL lost use of its barge for 15 days as a result of the damage and time for necessary repairs, resulting in $3,000.00 in lost income to UBL.

Count II.

Celtic Marine's Breach of Warranty of Workmanlike Performance

14.     UBL re-alleges all of the allegations set forth in numerical paragraphs 1 through 13 of its Complaint as if those allegations had been set forth in their entirety herein.

15.     Under maritime law, at all times during the loading of barge MST 492, Celtic Marine, as a stevedore, owed a warranty of workmanlike performance to UBL to use the same care and diligence that an ordinary prudent and skillful person would use in performing its stevedoring services.

16.     During the process of loading the MST 492 with shredded iron on May 18, 2009, Celtic Marine and/or its agents, employees, contractors or other persons or entities under its legal control failed to exercise the same care and diligence that an ordinary prudent and skillful person would use in performing its stevedoring services by improperly loading shredded iron on the barge resulting in an improper distribution of the cargo in the barge.

4

17.     Celtic Marine's failure to exercise due care constitutes a breach of its warranty of workmanlike performance, which entitles UBL to its foreseeable damages.

18.     As a direct and proximate result of Celtic Marine's breach of its warranty of workmanlike performance described above, UBL has been damaged in the following respects:

(a)     The MST 492 was damaged by the improper loading of the shredded iron or other cause, requiring extensive repair work costing $9,166.75.  Prior to repair, the barge had to be docked and surveyed at a cost of $4,482.83.

(b)     The shredded iron on the barge had to be transferred to another barge at the cost of $23,289.73.

(c)     UBL lost use of its barge for 15 days as a result of the damage and time for necessary repairs, resulting in $3,000.00 in lost income to UBL.

<u>Count III.</u>

<u>Celtic Marine's General Maritime Law Negligence</u>

19.     UBL re-alleges all of the allegations set forth in numerical paragraphs 1 through 18 of its Complaint as if those allegations had been set forth in their entirety herein.

20.     At all times during the loading of barge MST 492, Celtic Marine had a duty of due care to exercise reasonable care in the loading of the barge and its other operations.

21.     During the process of loading the MST 492 with shredded iron on May 18, 2009, Celtic Marine and/or its agents, employees, contractors or other persons or entities under its legal control failed to exercise ordinary care during the performance of the loading

process by improperly loading shredded iron on the barge resulting in an improper distribution of the cargo in the barge.

22.     As a direct and proximate result of Celtic Marine's negligence described above, UBL has been damaged in the following respects:

(a)     The MST 492 was damaged by the improper loading of the shredded iron or other cause, requiring extensive repair work costing $9,166.75.  Prior to repair, the barge had to be docked and surveyed at a cost of $4,482.83.

(b)     The shredded iron on the barge had to be transferred to another barge at the cost of $23,289.73.

(c)     UBL lost use of its barge for 15 days as a result of the damage and time for necessary repairs, resulting in $3,000.00 in lost income to UBL.

WHEREFORE, Plaintiff, UBL, respectfully requests that this Court enter judgment in its favor and against Defendant, Celtic Marine, in a liquidated sum of $39,939.31, pre-judgment and post-judgment on this sum at the legal rate applicable in Tennessee, its attorneys' fees and litigation costs, and any other relief as Plaintiff may be entitled to receive based on the proof.

RESPECTFULLY SUBMITTED this the 11th day of May 2010.

s/ Bobby R. Miller, Jr.
Kentucky Bar #82714
THE MILLER LAW FIRM, PLLC
P.O. Box 7039
Paducah, KY 42002-7039
(270) 554-0051
(270) 554-0052 (fax)
bmiller@millerlawky.com

Attorneys for Plaintiff

6